**In re Andrew E. GRADY.**

**Bankruptcy No. 94–25778–A.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

April 20, 1995.

Dean W. Sword, Jr., Portsmouth, VA, for debtor.

Darell Sayer, Ferrell, Backus, Sayer & Nicolo, Portsmouth, VA, for Darell Sayer and Linda B. Todd.

## MEMORANDUM OPINION

DAVID H. ADAMS, Bankruptcy Judge.

This matter comes before the Court on the objections of Darell Sayer ("Sayer") and Linda B. Todd ("Todd") to the confirmation of the debtor's Chapter 13 Plan. The parties submitted respective briefs on the issue of whether the monies awarded Sayer and Todd in a state court divorce proceeding should be treated as priority claims and paid in full through the debtor's Plan. This Opinion and Order constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### STATEMENT OF FACTS

Linda B. Todd and Andrew Grady were divorced on November 7, 1994 by a Decree of Divorce entered in the Circuit Court of the City of Portsmouth, Virginia. That Decree, which is a part of the record before this Court, states in pertinent part:

1. The Bankruptcy Code does not require unsecured nonpriority claims to be paid in full, and therefore under the plan, Todd and Sayer would only receive a percentage of the amounts due.

Based upon equity, upon consideration of the applicable sections of the Virginia Code and the factors listed in the Code, upon applicable case law, the evidence and arguments presented and upon the Commissioner's Report, it is hereby ADJUDGED, ORDERED and DECREED that:

. . . . .

3) Within forty-five (45) days of entry of this Decree, the Complainant shall pay $2,000.00 to Darell Sayer, attorney for the Defendant, as attorney's fees.

4) The Complainant shall pay for the costs of the proceedings, including but not limited to filing fees, subpoena fees, stenographer fees and the Commissioner's fee of $2,000.00. Therefore, within forty-five (45) days of entry of this Decree the Complainant shall reimburse the Defendant for the following costs which she has advanced:

| Sheriff | $ 70.00 |
| Court Reporter | $1,500.00 |
| Expert Witness | $ 375.00 |
| Commissioner | $ 750.00 |
| | $2,770.00 |

*Divorce Decree* at 3. The circuit court judge denied Todd spousal support, and ordered Grady to pay the outstanding balance on the joint Visa account and other specified joint debts "in lieu of an award of spousal support". *Divorce Decree* at 5.

In his bankruptcy schedules, the debtor listed both Todd and Sayer as unsecured nonpriority creditors setting their claim amounts at "unknown" and "$2,000", respectively. *See Schedule F.* Grady's chapter 13 plan does not treat the debts due Todd or Sayer as priority claims.

### CONCLUSIONS OF LAW

The significance of the dispute at hand is whether the claims of Todd and Sayer are properly treated as unsecured under the plan or whether the plan must provide for the claims to be paid in full as a priority claims pursuant to § 1322(a)(2).[1]

However, if the claims are treated as priority claims, § 1322(a)(2) requires plans to pay all priority claims in full.

Under the Bankruptcy Reform Act of 1994, Congress amended 11 U.S.C. § 507(a)(7), to provide a new priority for spousal support obligations. Section 507(a)(7) provides, in pertinent part.

> (a) The following expenses and claims have priority in the following order:
>
> . . . . .
>
> (7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—
>
> . . . . .
>
> (b) includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance or support.*

11 U.S.C. 507(a)(7)(B) (1995) (emphasis added). This Court must therefore determine whether the provisions ·of the divorce decree fall within the aegis of being *actually* in the nature of alimony, maintenance or support.

With a few exceptions, the provisions of the Bankruptcy Reform Act of 1994 apply prospectively to cases filed after the effective date of October 22, 1994. 11 U.S.C.A. § 101 (Supp.1995) (Historical and Statutory Notes). This Circuit has not addressed the priority of claims under amended § 507(a)(7)(B), and the paucity of precedent nationwide is not surprising in light of the timeliness of this case. Although finding these types of awards priority claims under § 507(a)(7)(B) may be a case of first impression, determining whether such awards are in the nature of alimony, maintenance, or support is not.

■ According to general rules of statutory construction, identical words used in different parts of the same act are intended to have the same meaning. *See Gustafson v.*

*Alloyd Co.,* —— U.S. ——, ——, 115 S.Ct. 1061, 1067, 131 L.Ed.2d 1 (1995) (citing *Department of Revenue of Oregon v. ACF Industries, Inc.,* 510 U.S. ——, ——, 114 S.Ct. 843, 845, 127 L.Ed.2d 165 (1994)). It is logical, therefore, to assume that identical phrases used in different parts of the same act are intended to have the same meaning. The language of § 523(a)(5)(B), the provision governing which specific debts § 1328(b) excepts from discharge, is identical to that of amended § 507(a)(7)(B).

> (a) A discharge under section ... 1328(b) of this title does not discharge and individual debtor from any debt—
>
> . . . . .
>
> (5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> . . . . .
>
> (B) *such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.*

11 U.S.C. § 523(a)(5)(B) (1995) (emphasis added).[2] Notwithstanding the fact that the issue was brought under § 507(a)(7)(B), the plethora of case law discussing whether debts are "actually in the nature of alimony, maintenance or support" under § 523(a)(5) is applicable and useful precedent in determining whether such debts should receive priority treatment.

■ Payment of support need not be paid directly to the spouse or ex-spouse to be considered a nondischargeable debt. *Beaton v. Zerbe (In re Zerbe),* 161 B.R. 939, 940 (E.D.Va.1994). The majority rule among Bankruptcy Courts is that an obligation to pay attorneys' fees is "so tied in with the obligation of support as to be in the nature of

---

**2.** The Reform Act did not alter any of the language of § 523(a)(5)(B).

support or alimony and excepted from discharge." *Romano v. Romano (In re Romano),* 27 B.R. 36, 38 (Bankr.M.D.Fla.1983). Courts have excepted from discharge attorneys' fees, court costs, and fees due the commissioner in chancery for services rendered pursuant to a state court divorce proceeding as debts actually in the nature of alimony, maintenance, or support. *See e.g., Silansky v. Brodsky, Greenblatt & Renehan (In re Silansky),* 897 F.2d 743, 744 (4th Cir.1990) (finding a debt to a former spouse's attorney arising from a divorce decree was nondischargeable); *Foiles v. Foiles (In re Foiles),* 1994 WL 282529, *aff'd sub nom. Foiles v. Taylor,* 174 B.R. 692 (E.D.Va.1994) (finding debts due the commissioner in chancery nondischargeable). In dischargeability actions, a court's determination turns on whether the underlying debt relating to the fees is dischargeable. *Bulman v. Bulman (In re Bulman),* 123 B.R. 24, 27 (Bankr. E.D.Va.1991).

Since the issue at bar arises out of a clause in the divorce decree entered by a state court, we must look to the intent of the trier or fact with respect to those obligations. *Bangert v. McCauley (In re McCauley),* 105 B.R. 315, 320 (E.D.Va.1989). The Court may look to a variety of factors to ascertain the intent of the circuit court judge including pleadings, orders, transcripts, and the language of the divorce decree itself. *Id.* at 319. In this case, the divorce decree is the only evidence we have indicating the intent of the trier of fact. The language of the decree grants the parties a divorce a vinculo matrimonii, and addresses both property distribution and spousal support.

Counsel for the debtor suggests that because the divorce decree denies an award of spousal support to the defendant and primarily focuses on property distribution, the fees and costs awarded did not involve obligations in the nature of maintenance or support. The arguments advanced by counsel for the debtor are flawed in a number of ways. First, it is insignificant that the litigation addressed property awards as well as support. Case law clearly indicates that it is well within the province of the Bankruptcy Court to find a fee award to be in the nature of alimony, maintenance, or support even though the fee at issue was for services in the divorce litigation where both property and support were at issue. *In re Bulman,* 123 B.R. at 27. Second, under counsel's proposed rule of law, attorneys' fees would be nondischargeable for only those spouses who actually receive an award of spousal support. Since the Eastern District of Virginia has ruled that a waiver of alimony in a divorce decree does not preclude the Bankruptcy Court from finding that the award of fees and costs was intended to be a form of support, *In re Zerbe,* 161 B.R. at 941, the Court may likewise find that fees and costs are a form of maintenance when spousal support is denied. Third, we are quick to note that the state court only denied Todd a monthly award of spousal support; Grady was ordered to indemnify her in lieu of monthly spousal support payments. It is clear that the divorce litigation inherently involved the issue of spousal support, and therefore the fees incurred in the litigation would be actually in the nature of support or maintenance. Fourth, state law labels are inapplicable because federal law controls the issue of whether payments are actually in the nature of support or maintenance under § 523(a)(5). *Long v. West (In re Long),* 794 F.2d 928, 930 (4th Cir.1986). Therefore, the state court's denial of monthly spousal support does not preclude the possibility that the fee award was some other form of maintenance for the debtor. Most importantly, this Court has previously held that the failure of a state court to award monthly spousal support payments is not per se cause to find the debt dischargeable. *Ewing v. Ewing (In re Ewing),* 180 B.R. 443, 446–47 (Bankr. E.D.Va.1994).

After reviewing the Decree of the Circuit Court of the City of Portsmouth, the applicable statutes of the Commonwealth of Virginia and the arguments of the parties, this Court is of the opinion that the intent of the Circuit Court of the City of Portsmouth was that the debtor pay the fees and costs enumerated after due consideration of the parties' respective assets and financial ability to pay the costs of the divorce. Therefore, this Court

**466**

finds that the debts for attorney's fees and costs are actually in the nature of maintenance or support under the statutory language of both 11 U.S.C. § 523(a)(5) and § 507(a)(7)(B), and are therefore priority claims.

It is hereby ADJUDGED, ORDERED and DECREED that the objections to confirmation filed by Darell Sayer and Linda B. Todd are sustained.