BRATTON, Appellee,

v.

FREDERICK, Appellant.

[Cite as *Bratton v. Frederick* (1996), 109 Ohio App.3d 13.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–95–16.

Decided Jan. 31, 1996.

**14**

[REDACTED]

---

*Joseph W. O'Neil,* for appellee.

*Brian W. Kaiser,* for appellant.

---

EVANS, Judge.

Appellant, Thomas B. Frederick, appeals from the judgment of the Court of Common Pleas of Defiance County finding a debt owed by appellant to his ex-wife, Nancy A. Bratton, appellee, nondischargeable.

On November 15, 1979, the Court of Common Pleas of Defiance County granted appellee a divorce from appellant. According to the divorce decree, appellant was responsible for maintaining medical, dental and optical insurance coverage for the parties' minor children. However, on March 3, 1992, appellant was found in contempt of the court order for failure to use insurance benefit checks to pay medical providers and for failure to provide insurance. Appellant was ordered to pay appellee a lump sum judgment representing unpaid medical bills, reimbursement for insurance premiums, attorney fees, and travel expenses.

Approximately a year later, in May of 1993, appellant filed for Chapter 7 bankruptcy. In an attempt to enforce her 1992 judgment, appellee filed a motion asking the court to define the status of its previous order. On August 8, 1995, the trial court issued a judgment entry finding that the amounts still owing from the judgment filed on March 3, 1992 were in the nature of child support and not dischargeable under Section 523, Title 11, U.S.Code.

Appellant appeals this decision asserting three assignments of error.

## I

"The lower court errored [*sic*] in not allowing evidence to be presented regarding forgiven indebtedness."

## II

"The trial court errored [*sic*] in ruling that the entire judgment, including reimbursement for attorney's fees and mileage was nondischargeable without further consideration."

## III

"The lower court errored [*sic*] in finding the judgment nondischargeable where Appellee failed to object to dischargeability in the bankruptcy action."

We will address appellant's assignments of error in reverse order. In his third assignment of error, appellant claims it was error for the trial court to hold the debts in issue not dischargeable, since appellee failed to object to their dischargeability at the earlier bankruptcy action. However, appellant fails to demonstrate from the record his assigned error. Appellant did not request that a transcript of the previous hearing be included in the record, nor has appellant supplemented the record with evidence of his bankruptcy proceedings. Without a transcript or other evidence in the record concerning appellant's bankruptcy and the docket of relevant filings in that case, we are unable to address the merits of appellant's third assignment of error. Therefore, appellant's third assignment of error is overruled.

Appellant's second assignment of error alleges that the trial court erred in ruling that appellee's attorney fees and travel expenses, included in the judgment, were nondischargeable. Appellant claims these items are not in the nature of child support and are, therefore, dischargeable.

According to Section 523, Title 11, U.S.Code, certain types of debts are excepted from discharge in bankruptcy. Subsection (a)(5) provides the following exception:

"(a) A discharge under section 727 * * * of this title does not discharge an individual debtor from any debt—

" * * *

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree * * *, or property settlement agreement, but not to the extent that—

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; * * * or

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support * * *."

 State and federal courts have concurrent jurisdiction to determine whether debts are nondischargeable under Section 523(a)(5). *Barnett v. Barnett* (1984), 9 Ohio St.3d 47, 49, 9 OBR 165, 166–167, 458 N.E.2d 834, 836. While federal law in this area is controlling, state law may be used as a source of guidance in developing federal standards for determining the nature of the debt and the applicability of the Section 523(a)(5). *Id.*

 In the case of *In re Calhoun* (C.A.6, 1983), 715 F.2d 1103, the United States Court of Appeals for the Sixth Circuit set out the test to be used in determining whether an obligation in a divorce decree is in the nature of alimony or support. Initially, the inquiry is whether the parties intended to create an obligation for support. *Id.* at 1109. Next, it must be determined whether assuming the obligation had the effect of providing the necessary support. *Id.* Finally, it must be determined whether the amount of support is so excessive that it is "manifestly unreasonable under traditional concepts of support." *Id.* at 1110.

 Generally, courts have held that medical expenses for children of the marriage are in the nature of support. *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 301, 623 N.E.2d 1272, 1275–1276 citing *In re Wilburn* (Bankr.Ct.Tenn.1991), 125 B.R. 759; *In re Shelton* (Bankr.Ct.Ohio 1988), 92 B.R. 268. We are in accord with the conclusion reached in *Dozer*[1]. There can be no doubt that providing for

---

1. The analysis in *Dozer* applied the *Calhoun* three-prong inquiry in determining whether medical expenses were in the nature of support. *Dozer*, 88 Ohio App.3d at 301, 623 N.E.2d at 1275–1276. Finding all three prongs satisfied, *Dozer* held that medical obligations were in the nature of support. Two months after the *Dozer* decision, the United States Court of Appeals for the Sixth Circuit clarified its *Calhoun* opinion in *In re Fitzgerald* (C.A.6, 1993), 9 F.3d 517, holding the present-needs test, embodied in the second prong, inapplicable to direct spousal and child support intended by the parties to be such. Thus, the *Calhoun* present-needs inquiry is not a necessary finding in determining whether medical expenses are in the nature

payment of medical expenses and insurance for minor children, like the obligation to provide food and clothing, is in the nature of child support.

■ In his second assignment of error, appellant specifically contests the trial court's ruling on the nondischargeability of appellee's attorney fees and travel expenses. Appellant claims these costs are not in the nature of support and are therefore dischargeable. We disagree. Just as medical expenses and insurance coverage are essential to a child's support, attorney fees and travel expenses related to the enforcement of such obligations likewise constitute support. These fees and expenses incurred by appellee were a necessary expense for the collection of appellant's overdue obligation. See *In re Poe* (Bankr.N.D.Okla. 1990), 118 B.R. 809, 811; *In re Rediker* (Bankr.M.D.Tenn.1982), 25 B.R. 71, 75–76. The trial court was within its discretion in finding these expenses were in the nature of support.

We also note that other cases in domestic relations law have recognized attorneys fees as additional child support. In *Hamilton v. Hamilton* (1988), 40 Ohio App.3d 190, 532 N.E.2d 213, child support withholding laws were applied to collect attorney fees and litigation expenses awarded in a child support enforcement action, since the court found that these fees and expenses constituted additional child support. After considering the above authority, we overrule appellant's second assignment of error.

■ Finally, in his first assignment of error, appellant claims that the trial court erred in not allowing the presentation of evidence regarding forgiven indebtedness. Appellant argues that since some of the debts owed to medical providers had been written off or forgiven by the creditors, appellee is no longer liable for the debts. As a result, appellee would not be prejudiced by appellant's discharge of these debts. Appellant further argues that evidence of forgiven indebtedness is admissible to demonstrate the changed character of his obligation. This change, appellant believes, would demonstrate that appellee lacked the present need for the money, as required in *Calhoun*, disqualifying the debt from the characterization of support.

Appellant's claim that the evidence is relevant to show that appellee no longer had the present need for repayment misinterprets the *Calhoun* test. The second prong of the *Calhoun* analysis calls for the determination that the obligation have the actual effect of providing the necessary support to ensure the present needs of the former spouse and children. However, the particular inquiry into a present need for the support has been found not to apply to child support

---

of support. Since we agree with the decision in *In re Fitzgerald,* we can only agree with the result reached by the court in *Dozer.*

arrearages. In *In re Fitzgerald* (C.A.6, 1993), 9 F.3d 517, 520, the Sixth Circuit reviewed and clarified its decision in *Calhoun*, stating:

"The applicability of *Calhoun*, especially the second step's 'present needs' inquiry, to support obligations other than assumptions of debt has been the source of some confusion in the lower courts of this Circuit. Some courts have held * * * that *Calhoun* is limited to obligations to assume debts rather than conventional direct spousal or child support obligations such as alimony. * * * Other courts have found *Calhoun* applicable to all actions under section 523(a)(5). * * * Of these courts, while extending *Calhoun* to alimony and child support, some have limited the 'present needs' inquiry to future obligations, finding arrearages for past due obligations nondischargeable without regard to the present needs of the obligee. * * * We have found no case in which a court discharged past-due obligations that were intended as support by the state court or parties.

"As the author of *Calhoun*, the writer regrets that it has been applied more broadly than intended. Fortunately, a majority of courts in other circuits have rejected the 'present needs' test when applied to alimony or child support."

Clearly, it has been established that the past due obligations of appellant in this case were intended as support. Therefore, evidence regarding the present need of appellee is irrelevant to the issue of dischargeability. Therefore, we do not find that the trial court abused its discretion in not allowing evidence of forgiven indebtedness.

Furthermore, contrary to appellant's claim, appellee and her children were prejudiced by the nonpayment of medical bills and insurance premiums. When the debts in issue accumulated, appellant had a legal duty to pay them according to the parties' divorce decree. The subsequent contempt hearing brought by appellee enforced this duty. The fact that some providers had given up the struggle for payment, for whatever reason, does not mean the debts were not owed. The trial court in the contempt action found appellant's failure to pay medical expenses and insurance coverage severely affected appellee and her children, affecting their ability to obtain medical coverage, medical treatment and credit. We do not find appellant's argument that the obligation in this case changed from a nondischargeable debt to a dischargeable one persuasive. Appellant's first assignment of error is overruled.

Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.