**In re Gerald Vincent CROSBY, Debtor.**

**Bankruptcy No. 98–33831–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 25, 1998.

John J. Trexler, Beddow, Marley, Trexler & Fitzhugh, Chesterfield, VA.

Carl M. Bates, Boleman Law Firm, Richmond, VA.

Robert E. Hyman, Richmond, VA, Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On November 8, 1998, the court took evidence and heard testimony on Henrietta A. Crosby's objection to confirmation of Gerald Vincent Crosby (debtor)'s chapter 13 plan and debtor's objection to proof of claim filed by Mrs. Crosby. At the conclusion of the hearing the court took the matter under advisement. For the reasons stated in this memorandum opinion Mrs. Crosby's objection to plan is sustained, and debtor's objection to claim is denied.

### Findings of Fact

Debtor and Crosby were married on May 18, 1968, and divorced on September 8, 1980. Two children were born of the marriage. The parties entered into a separation agreement dated April 16, 1980. The separation agreement awarded Mrs. Crosby substantially all of the property of the marriage. Debtor received only a used car and his tools. Crosby was represented by counsel in drafting the separation agreement while debtor proceeded pro se. Debtor was, however, represented by counsel in the final divorce decree proceeding at which the support agreement was affirmed, ratified, and incorporated into the final decree of divorce entered by Chesterfield County Circuit Court on September 8, 1980.

Debtor filed a chapter 13 case on May 20, 1998. Mrs. Crosby timely filed a proof of claim for the children's college education expenses in the amount of $62,510.50. Mrs. Crosby alleges that the college education expenses are support payments due to her pursuant to the parties' separation agreement. The parties have stipulated that Mrs. Crosby paid for the children's college education.

At dispute is paragraph 4 of section 3, entitled child support, of the separation agreement, which states:

*Husband further agrees to establish a fund or in some similar manner provide for a college education of the parties infant children for said children's attendance at the appropriate time of the individual lives at a four year college, Junior College, Community College or trade/vocational institution.*

The Chesterfield County Circuit Court ruled that this provision is not vague and unen-

forceable, a ruling that was affirmed by the Virginia Court of Appeals.

### Conclusions of Law

The debtor's former wife objects to confirmation of debtor's chapter 13 plan because the plan does not provide for full payment of her proof of claim for their children's educational expenses as a priority claim pursuant to Bankruptcy Code § 1322(a)(2). Section 507(a)(7) gives priority status to alimony, support and maintenance payments.[1] Section 1322(a)(2) requires the plan to pay priority claims in full.

■  The language of section 507 parallels that of section 523(a)(5).[2] Because the language of the two sections is identical, if the debt is non-dischargable under section 523(a)(5) it receives priority status under section 507(a)(7). *See In re Grady*, 180 B.R. 461, 464 (Bankr.E.D.Va.1995). Accordingly, if the college education expenses incurred by Mrs. Crosby would be non-dischargeable to debtor pursuant to section 523(a)(5) they must be paid in full in debtor's chapter 13 plan as a priority claim. *See* 11 U.S.C. §§ 507(a)(7), 1322(a)(2).

■  Whether payments are "in the nature of alimony, maintenance, or support" is determined by the intention of the parties that the payments be for support rather than a property settlement. *See In re Long*, 794 F.2d 928, 931 (4th Cir.1986)(citing *Melichar v. Ost*, 661 F.2d 300, 302 (4th Cir.1981)). Four factors are used to determine the intent of the parties: 1) the actual language of the agreement; 2) the financial situation of the parties at the time the agreement was entered into; 3) the function served by the obligation at the time of the agreement; and 4) whether there is any evidence of overbearing at the time of the agreement that would cause the court to question the intent of a spouse. *See Catron v. Catron (In re Catron)*, 164 B.R. 912, 919 (E.D.Va.1994)(relying on *Kettner v. Kettner*, 1991 WL 549386 (E.D.Va.1991)(unpublished opinion)), *aff'd*, 43 F.3d 1465 (4th Cir.1994).

■  The actual language of the separation agreement indicates the parties intended the college education expenses to be a support payment. Among other factors a court should consider are "whether the agreement ... is well structured with separate provisions detailing spousal support and property rights.... The label assigned to a particular payment is a significant factor." *In re Catron* 164 B.R. at 919 (quoting *Kettner v. Kettner*, 1991 WL 549386).

■  Here, the separation agreement is specifically divided into topic headings; these headings include: Personal Property; Real Property; Child Support; and Separate Maintenance. The provision for payment of the children's education is found under the child support heading. The parties placement of the college education expenses in the child support section is a strong indication of the parties' intention to create a support payment. If the parties did not intend the payments to be child support they could have

---

1.  Section 507(a)(7) states:
    (a) The following expenses and claims have priority in the following order:
    . . .
    (7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—
    . . .
    (B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

2.  Section 523(a)(5) states:
    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt—
    . . .
    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
    . . .
    (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

been included under another heading of the agreement.

Further, the structure of the child support section indicates an intention to make college education a support payment. Within the child support provisions the support obligations logically follow one another. The obligations first contemplated are for weekly child support payments until the children's age of majority. Next the agreement contemplates the medical health of the children, through the age of majority, by providing the maintenance of insurance by the debtor. Finally the agreement addresses the children's future well-being, requiring the debtor to pay for any future extraordinary medical expenses and their college education. The context of these provisions display the parties' intention to make college education a support payment.

Secondly, the court must consider the financial situation of the parties at the time of the agreement. *See In re Catron,* 164 B.R. at 919. At the time of the separation agreement Mrs. Crosby worked at a defense supply company, earning between five and six dollars per hour. The debtor was employed as an engineer with a steady income substantially in excess of his wife's. Mrs. Crosby was to maintain sole custody of the children. The relative financial position of the parties indicated that Mrs. Crosby would be unable to provide a college education for the children, and thus this responsibility was allocated to the debtor.

The third factor is the function of the obligation. *See In re Catron,* 164 B.R. at 919. At trial the evidence showed that the parties contemplated providing a college education for their children prior to the separation and divorce proceedings. The embodiment of this twin goal of Crosby and debtor, in light of their financial positions at the time entered into, is the allocation of the responsibility to debtor.

Finally the court must consider whether there is any evidence of overbearing at the time the support agreement was entered that may cause the court to doubt the intention of the parties. *See In re Catron,* 164 B.R. at 919. Debtor argues that because he was unrepresented by counsel when the support

agreement was entered into and because Crosby received substantially all of the assets of the marriage, the college education expenses provision should not be enforced. However, debtor's suggestion that the separation agreement was inequitable or forced upon him as evidenced by the distribution of property and his lack of counsel is not persuasive. Debtor is a college educated engineer, fully capable of understanding the terms of the agreement or realizing that representation should have been sought. Debtor was not pressured to sign and even had a friend look at the support agreement before he signed. Additionally, debtor was represented during the final phase of the divorce, at which time his attorney did not object and in fact consented to the entry of the separation agreement as part of the final decree of divorce.

This court therefore concludes that the support agreement entered into for the provision of college education expenses is in the nature of alimony and support and is therefore entitled to priority status. *See* 11 U.S.C. § 507(a)(7). Because debtor's chapter 13 plan does not provide for full, priority payment of the college education expenses, Crosby's objection to confirmation is sustained.

Debtor objects to Crosby's proof of claim on the basis that the college education expenses constitute a portion of the property settlement and are not support payments. Because the court holds that the college education expenses are support, debtor's objection to claim is overruled.