**In re Pasquale A. FIORE, Debtor.**

No. 00–51476–172.

United States Bankruptcy Court,
E.D. Missouri,
Northern Division.

Feb. 13, 2003.

John C. Caraker, St. Louis, MO, for Debtor.

John V. LaBarge, Jr., St. Louis, MO, Chapter 13 Trustee.

### *ORDER*

JAMES J. BARTA, Chief Judge.

The matter before the Court is the Trustee's objection to the priority status of Proof of Claim No. 7 filed by David S. Fischer ("Claimant"). A hearing was held January 16, 2003. The Trustee appeared

by counsel; the Claimant appeared *pro se.* The Claimant stated that his claim was based on fees for legal services related to the modification of child support and a judgment as to the amount of arrearage owed and requested that the claim be paid as a priority child support claim and not as a general unsecured claim.

This is a core proceeding pursuant to Section 157(b)(2)(B) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

■ The Bankruptcy Code provides that a Chapter 13 plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under Section 507, unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. § 1322(b)(2). As it applies in this matter, Section 507(a)(7) provides that claims for debts to a spouse, former spouse or child of the debtor for support of a child in connection with an order of a court of record are entitled to priority. 11 U.S.C. § 507(a)(7). Attorney fees for services to obtain or enforce child support are entitled to priority. See *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1141 (9th Cir.1998).

This Chapter 13 bankruptcy case was filed November 15, 2000 and the Plan was confirmed on February 1, 2001.

The Claimant filed Proof of Claim No. 7 on December 26, 2000. The proof of claim form lists the amount owed as $500.00; indicates that the claim arose from a judgment obtained on October 12, 2000; and asserts its status as a priority claim for alimony, maintenance, or support under 11 U.S.C. § 507(a)(7). The proof of claim includes two attachments in support of the Claimant's representations. The first at-

tachment is a copy of a two page document from the Family Court of St. Louis County, Missouri entitled, "Family Court Modification Judgment" signed by Judge John A. Ross, dated October 12, 2000. By consent in this judgment, the Debtor was ordered to pay child support in the amount of $300.00 per month and to arrange visitation in agreement with the minor child. The Family Court determined that there was an arrearage in child support owed by the Debtor in the amount of $2,000.00, and that this amount was to be added to the collection of support. The Debtor was also ordered to pay to the Claimant the sum of $500.00 for attorney fees. The second attachment is a copy of a one page, handwritten document from the Circuit Court of St. Louis County, Missouri entitled, "Other Orders" signed by Judge John A. Ross also dated October 12, 2000. This document pertained to the shared responsibility of the parents to pay for post-secondary education.

On November 1, 2002, the Trustee filed an objection to the proof of claim, alleging that the claim did not appear to be entitled to priority and that the claim failed to specify the priority of claim as required.

■ The Court finds and concludes that, upon a review of the information provided on the face of the proof of claim, and upon review of the documents attached thereto, the Claimant has identified himself as the holder of a pre-petition claim for maintenance, alimony or support; and that the proof of claim adequately specifies its priority as based on child support. The Court further finds and concludes that the claim is entitled to priority status under 11 U.S.C. § 507(a)(7). As noted above, under Section 1322(a)(2), a Chapter 13 plan shall provide that such priority claims are to be paid in full. However, the confirmed Plan in this matter does not provide for such

treatment of this priority claim. The Court finds and concludes that, although the Debtor intended to treat this claim as a general unsecured clam, neither the Debtor's listing of a claim in the Chapter 13 Schedules, nor the terms of a confirmed plan control or change the status of an otherwise allowable proof of claim.

A proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). In this matter, the Trustee's objections are being overruled. The Court has determined that this proof of claim is allowed as a priority claim in the amount of $500.00.

In his schedules, the Debtor listed the debt owed to the Claimant as a general unsecured claim on Schedule F. The Debtor also listed a separate debt that is to be paid through the Family Support Payment Center for child support, as a priority general unsecured claim on Schedule E. In the confirmed Chapter 13 Plan, the Debtor provided for payment of the child support arrearage to Family Support Payment Center in the amount of $1,121.00 in full in equal monthly installments over the life of the plan. (Chapter 13 Plan, paragraph no. 4). The confirmed Plan also specifically provided for similar payment to other priority claims held by the Missouri Department of Revenue and the Internal Revenue Service. The priority claim held by the Claimant was not provided for in the Plan.

■ A debt is "provided for" by a Chapter 13 plan where the plan acknowledges the debt, even if the plan does not propose to make any payments on the claim. *In re Hairopoulos*, 118 F.3d 1240, 1243 (8th Cir.1997) *citing In re Gregory*, 705 F.2d 1118, 1122 (9th Cir.1983). It is not a requirement that the plan specifically name the creditor. It may be sufficient if the plan generally provides for full payment of priority unsecured claims. *Hairo-*

*poulos*, 118 F.3d at 1243. Here, however, the Plan specifically provides for the payment of specific priority claims without providing generally for payment of priority unsecured claims. Upon consideration of the record as a whole, the Court finds and concludes that the Debtor clearly intended that the debt of this Claimant was to be classified and paid as a general unsecured claim. Such an attempt to alter or control the status of an otherwise allowed claim must fail. The allowed proof of claim is controlling in these situations. Under 11 U.S.C. § 1322(a)(2), a claim entitled to priority under section 507 is entitled to full payment unless the holder of a particular claim agrees otherwise. 11 U.S.C. § 1322(a)(2). The Claimant has not agreed to treatment of his Claim as anything other than a priority unsecured claim.

■ Under Section 1328(a), after completion by a debtor of all payments under a plan, the court shall grant a debtor a discharge of all debts provided for by the plan. In this case, although the Claimant is bound by the terms of the confirmed plan, his allowed priority claim is not provided for by the plan, and unless otherwise determined, would not be subject to discharge here.

The Debtor may argue that the Claimant waived his right to prosecute this priority claim because he failed to object to confirmation of the plan. Although such a procedure may have brought the issue before the Court at an earlier time in this case, a claimant should not lose a right to payment because it chose one remedy that may be less timely or less economical than a different remedy. As noted above, the Claimant's priority claim is not provided for in the confirmed plan, Section 1327(a) does not cancel or eliminate his right to payment.

The Trustee's objection will be overruled and the claim allowed in the amount filed as a priority claim, to be paid as provided for in the confirmed plan. Unless the plan is amended, or the claimant agrees to some other treatment, the priority proof of claim No. 7 will not receive a distribution from the Chapter 13 Trustee because the claim is not provided for in the confirmed plan.

**IT IS ORDERED** that this matter is concluded; and that the objection of the Chapter 13 Trustee to Proof of Claim No. 7 is overruled in part as set out herein; and that Claim No. 7 is allowed as a general unsecured priority claim under 11 U.S.C. § 507(a)(7); and

That the objection of the Chapter 13 to Proof of Claim No. 7 is sustained in part in that said Trustee is not to make any distribution to the Claimant under Proof of Claim No. 7, because said claim is not provided for in the confirmed plan; and that all other requests are denied.