**In re Thomas J. MCLAUGHLIN, Debtor.**

No. 04–14064.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 1, 2005.

Lee R. Kravitz, Cleveland, OH, for Debtor.

---

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the Debtor's objection to a proof of claim (Claim No. 3) filed by his former spouse, Kimberly Thomas ("Co-claimant"). Kimberly Thomas has timely responded to the objection. The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly noticed hearing, the following findings and conclusions are rendered:

The Debtors' Chapter 13 case was filed on April 2, 2004. In his schedules, Debtor listed a debt owing to Debtor's counsel, Howard Kasdan, in the amount of $1,822.00 on Schedule F (creditors holding unsecured nonpriority claims). The Debtor also listed a debt owing to Kasdan in the amount of $0.00 on Schedule E (creditors holding unsecured nonpriority claims) for "notice purposes". Lastly, Debtor listed a debt owing to Kimberly Thomas in the amount of $7,000.00 on Schedule E.

Debtor's counsel, Kasdan, timely filed a priority proof of claim (Claim No. 3) on behalf of himself and Kimberly Thomas in the amount of $12,672.22 on August 11, 2004. Debtor objects to Claim No. 3 on the grounds that it is excessive and contains attorneys fees in the amount of $5,363.80, as part of the priority claim. Debtor contends that the state court entered judgment in November 2003 in favor of Thomas and ordered Debtor to pay child support arrearage in the amount of $7,308.42. Debtor states that the state court specifically determined "Judgment was granted to Kimberly Thomas against Thomas McLaughlin in the amount of $7,308.42" as the arrearage amount owed. (*See* State Court judgment entered on November 13, 2003 at p. 4). Debtor further argues that attorney fees were not calculated by the state court as part of the support arrearage and, therefore, are not a priority non-dischargeable claim.

Co-claimant Kimberly Thomas argues that the total priority claim is $12,672.22, which includes the attorney fees. She maintains that the claim arises from, and is solely related to, the enforcement and collection of child support due from the Debtor. Thomas relies on two bankruptcy opinions to support this contention. *See In re Pasquale A. Fiore,* 290 B.R. 138 (Bankr.E.D.Mo.2003), and *Beaupied v. Chang,* 163 F.3d 1138 (9th Cir.1998). She contends that the state court found debtor in contempt of court for failure to pay child support and ordered Debtor to pay legal fees incurred in the sum of $5,363.80. She further contends that the state court granted judgment in her favor in the sum of $7,308.42 for child support arrearages.

\* \* \* \* \* \*

■ The dispositive issue before this Court is whether attorney fees incurred in the prosecution of a state court child support action entitled to priority treatment under § 507(a)(7)(B) of the Bankruptcy Code.

\* \* \* \* \* \*

Section 507 of the Bankruptcy Code provides, in pertinent part:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—

(B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 507(a)(7)(B). Section 507(a)(7)(B) provides that claims for debts to a spouse, former spouse or child of the debtor for support of a child in connection with an order of a court of record are entitled to priority. 11 U.S.C. § 507(a)(7)(B). The Bankruptcy Code provides that a Chapter 13 plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under Section 507, unless the holder of a particular claim agrees to a different treatment. 11 U.S.C. § 1322(b)(2). Co-claimant Kimberly Thomas has not agreed to different treatment of the entire priority proof of claim.

 The record reveals that the state court judgment was entered on November 13, 2003. The state court found Debtor in contempt for failure to pay child support in the amount of $5,363.00 and ordered the payment of $7,308.42. The judgment reads, in pertinent part:

A. Father is found to be contempt of this Court and may purge said contempt by paying to mother the sum of $50.00 plus attorneys fees incurred in filing and presenting this matter, in the total amount of $5,363.80.

B. Judgment is granted to Plaintiff/mother, Kimberly A. Thomas, against defendant/father, Thomas J. McLaughlin, in the amount of $7,308.42, being the arrearage owed (sic).

(*See* State Court judgment entered on November 13, 2003 at p. 4). Section 507(a)(7) was enacted by the Bankruptcy Reform Act of 1994. *See* Pub.L. No. 103–394 § 304(c). The legislative history of section 507(a)(7) reveals that Congress was concerned that the law, then existing, failed to provide priority status for support and maintenance obligations to spouses and children, even though these debts were clearly nondischargeable. Legislative commentary reveals, in part:

While the current Code does not allow courts to forgive outstanding debts "in the nature of support," child support and alimony are given no priority when a debtor has assets and the proceeds are distributed. Thus, even while creditors can be paid, spouses and children who are entitled to support are not likely to be the beneficiaries. [The] legislation would elevate child support and alimony from their current status as general unsecured debts to formally prioritized debts, thereby ensuring that a spouse with dependent children will receive support payments without waiting for years.

*A & P 140 Cong. Record E1389.* Notedly, the language of § 507 parallels that of § 523(a)(5), which excepts from discharge debts in the nature of alimony and child support. *See In re Crosby,* 229 B.R. 679, 681 (Bankr.E.D.Va.1998). Notwithstanding the fact that the issue was brought under § 507(a)(7)(B), the plethora of case law discussing whether debts are "actually in the nature of alimony, maintenance or

support" under § 523(a)(5) is applicable and useful precedent in determining whether such debts should receive priority treatment.[1] *See In re Grady,* 180 B.R. 461, 464 (Bankr.E.D.Va.1995); *accord In re Crosby,* 229 B.R. at 681. *In re Taylor* 252 B.R. 346, 351 –352 (Bankr.E.D.Va. 1999).

\* \* \* \* \* \*

■ Section 502 of the Bankruptcy Code provides:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest...objects.

11 U.S.C. § 502(a). Federal Rule of Bankruptcy Procedure 3001(f) provides, "a proof of claim properly executed and filed is prima facie evidence of the validity and amount of the creditor's claim." Fed. R. Bankr.P. 3001(f). Upon a timely filed objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy § 502.02, at 502–22 (15th ed.1991)).

■ To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm,* 931 F.2d at 623. *See also In re Allegheny Int'l, Inc.,* 954

F.2d 167, 173–74 (3d Cir.1992)("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."); *See also See Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.),* 993 F.2d 915, 925 (1st Cir.1993) (stating that "[t]he interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence"); *In re Walsh,* 264 B.R. 482, 484 (Bankr.N.D.Ohio 2001)(the objecting party bears the burden of disproving the claim by a preponderance of the evidence).

■ To negate the prima facie validity of a claim, an objection must: (1) assert in a writing filed with the Court that there is some reason the claimant does not have a right to payment; (2) sign the objection; (3) if appropriate, assert that the claim is in fact based on a writing and that the documentation attached to the claim is insufficient; and (4) come forward with some legal reason or some factual evidence to defeat the claim. *In re Kemmer* 315 B.R. 706, 713 (Bankr.E.D.Tenn.2004) *citing In re Cluff,* 313 B.R. 323, 337 (Bankr.D.Utah 2004).

\* \* \* \* \* \*

■ Herein, Debtor, despite filing a brief and supplemental brief in support of his objection, provides no statutory authority, case law, or evidence to support the objection. Relevant case law provides that attorney fees for services to obtain or en-

---

1. The Sixth Circuit set forth the test to be used in determining whether an obligation in a divorce decree is in the nature of alimony or support under § 523(a)(5). Initially, the inquiry is whether an award is actually a support obligation. *Sorah v. Sorah (In re Sorah),* 163 F.3d 397, 401 (6th Cir.1998). The court should look to the traditional state law indicia that are consistent with a support obligation. *Id.* at 401. A non-debtor spouse that establishes that the support obligation is designat-

ed as support and has all of the indicia of support has met his burden under § 523(a)(5). *Id.; See also Calhoun v. Calhoun (In re Calhoun),* 715 F.2d 1103, 1111 (6th Cir.1983). The burden then shifts to the debtor to demonstrate that although the obligation is of the type that may not be discharged in bankruptcy, its amount is unreasonable in light of the debtor spouse's financial circumstances.

force child support are entitled to priority. *See Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1141 (9th Cir.1998); *In re Foster*, 292 B.R. 221, 225 (Bankr.M.D.Fla. 2003); *In re Fiore*, 290 B.R. 138, 139 (Bankr.E.D.Mo.2003) Federal courts have generally held a debt for attorney's fees to be nondischargeable under section 17(a)(7) of the Bankruptcy Act, which is the precursor to § 507(a)(7) of the Code, when the fees are awarded to a debtor's spouse in a divorce action. *See In re Catlow*, 663 F.2d 960, 962 (9th Cir.1981), citing, *DuBroff v. Steingesser (In re Steingesser)*, 602 F.2d 36, 38 (2d Cir.1979) (New York law); *Brody & Brody v. Birdseye (In re Birdseye)*, 548 F.2d 321, 323–25 (10th Cir.1977) (Connecticut law); *Schiller v. Cornish (In re Cornish)*, 529 F.2d 1363, 1364–65 (7th Cir. 1976) (Illinois law); *Nunnally v. Nunnally (In re Nunnally)*, 506 F.2d 1024, 1026–27 (5th Cir.1975) (Texas law); *Damon v. Damon*, 283 F.2d 571, 573–74 (1st Cir.1960) (Maine law); *In re Hargrove*, 361 F.Supp. 851, 853–54 (W.D.Mo.1973) (Missouri law) (state post-divorce proceeding); *Gagnon v. Gagnon (In re Gagnon)*, No. BK–79–52 (Bankr.D. Me. April 29, 1980) (Maine law); *Mahoney v. Smith (In re Smith)*, 3 B.R. 224, 231–32 (Bankr.E.D.Va.1980) (District of Columbia law). *But see Krings v. Moyer*, 13 B.R. 436 (W.D.Mo.1981) (Missouri law).

■ Similarly, those attorney fees which may be viewed as inextricably intertwined with the litigation of nondischargeable support are said themselves to qualify for nondischargeability under dischargeability actions pursuant to § 523(a)(5). *See In re Taylor*, 252 B.R. 346, 352 –353 (Bankr.E.D.Va.1999); *In re Roberson*, 187 B.R. 159, 163 (Bankr.E.D.Va.1995); *Ewing v. Ewing (In re Ewing)*, 180 B.R. 443, 446 (Bankr.E.D.Va.1994).

Herein, the state court judgment mandated the payment of attorney fees in the amount of $5,363.80 to enforce Debtor's child support obligations. In Ohio, Ohio Revised Code section 3109.05(C) provides that:

> If any person required to pay child support under an order made under division (A) of this section * * * is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt and, on or after July 1, 1992...

Ohio Rev.Code. Ann. § 3109.05(C). Ohio courts have likewise construed attorney fees related to the enforcement of child support obligations as support obligations. *See e.g. Bratton v. Frederick*, 109 Ohio App.3d 13, 16, 671 N.E.2d 1030; *Hamilton v. Hamilton* (1988), 40 Ohio App.3d 190, 532 N.E.2d 213.

It is hereby determined that the subject attorney fees are clearly intertwined with Thomas' litigation to obtain child support, which is a nondischargeable obligation in bankruptcy proceedings. Herein, the attorney fees constitute a part of the subject priority claim and is entitled to § 507(a)(7)(B) treatment. Debtor has failed to sustain his burden of proof under § 502 of the Bankruptcy Code and Bankruptcy Rule 3002(f) in objecting to the subject claim. Accordingly, the objection is hereby overruled. Each party is to bear its respective costs.

IT IS SO ORDERED.

### JUDGMENT

A Memorandum Of Opinion And Order having been rendered by the Court in this matter,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the subject attorney fees in the amount of $5,363.80 constitute a part of the priority claim and is entitled to § 507(a)(7)(B) treatment. Debtor has failed to sustain his burden of proof under § 502 of the Bankruptcy Code and Bankruptcy Rule 3002(f) in objecting to the subject claim. Accordingly, the objection is hereby overruled. Each party is to bear its respective costs.

IT IS SO ORDERED.