EVANS, Appellant and Cross–Appellee,

v.

**BUCKEYE UNION INSURANCE COMPANY**
**et al., Appellees and Cross–Appellants.**

[Cite as *Evans v. Buckeye Union Ins. Co.* (1993), 94 Ohio App.3d 378.]

Court of Appeals of Ohio,
Mahoning County.

No. 92 C.A. 169.

Decided Oct. 22, 1993.

*Thomas E. Zena* and *Samuel G. Amendolara,* for appellant and cross-appellee.

*Lawrence R. Springer,* for appellees and cross-appellants.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Sylvia Evans, duly appointed representative of the Estate of Stanley Evans, appeals a decision of the Mahoning County Court of Common Pleas computing interest accrued on a $700,000 judgment. In addition, defendants-appellees, Buckeye Union Insurance Company and Underwriters Adjusting Company, filed a cross-appeal to the trial court's computation of interest on this judgment. For the following reasons, we affirm the judgment of the trial court as to following the applicable law but modify as to the court's computation of interest.

On September 28, 1987, appellant was granted an arbitration award in the sum of $700,000 against appellees. The Mahoning County Court of Common Pleas later reduced this arbitration award to judgment, effective September 29, 1987.

Appellant submitted an application to the trial court for interest pursuant to R.C. 1343.03(C). This application was later granted by the trial court, and appellees filed a timely notice of appeal regarding the granting of interest pursuant to R.C. 1343.03(C). Appellees made payments on the judgment pending appeal. The decision of the trial court to grant the application was later affirmed by this court of appeals, and the Supreme Court of Ohio refused to hear a further appeal. *Evans v. Buckeye Union Ins. Co.* (1990), 53 Ohio St.3d 705, 558 N.E.2d 60. After this appellate court affirmed the trial court's decision to grant interest pursuant to R.C. 1343.03(C), appellees paid what they felt was accrued interest.

After the disposition of this first appeal, appellant filed a supplemental complaint for declaratory judgment asking the trial court to determine the actual amount of interest owed to the estate on the judgment. The trial court found the amount owing to be $13,408 as of October 23, 1992. This appeal and cross-appeal then followed.

R.C. Chapter 1343 sets out ten percent per annum as the interest rate to be paid on judgments, as well as when interest is to begin to accrue. Subsection (B) of R.C. 1343.03 provides:

"Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action

based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid."

This subsection establishes the date judgment is rendered as the date from which interest is to be computed.

Subsection (C) of R.C. 1343.03 provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

This subsection establishes the date the cause of action accrued as the date from which interest is to be computed. This subsection applies when the party required to pay fails to make a good faith effort to settle the case.

▮ In the present case, the party required to pay, having failed to make a good faith effort to settle the case, was ordered to pay interest on the judgment pursuant to R.C. 1343.03(C). Thus, the date interest is to be computed from is the date the cause of action accrued.

▮ Appellant improperly argues for post-judgment interest under Subsection (B) as well as prejudgment interest under Subsection (C) of R.C. 1343.03. In appellant's computation, there is an overlap from October 1, 1987 to December 7, 1987, where appellant argues both prejudgment and post-judgment interest should be paid for the same period. This is inappropriate and not provided for in the statute.

It is the clear intent of R.C. Chapter 1343 to set the date from which interest is to begin accruing, depending on the circumstances of each case. There is no designation in the statute for post-judgment interest or prejudgment interest by name. Through custom and usage, though, prejudgment interest is considered the interest accruing prior to the entering of judgment while post-judgment interest begins accruing after judgment is rendered. They do not run at the same time, nor do they overlap as appellant has argued.

■ We agree with the trial court and appellant that the legislative intent in R.C. 1343.03 was that payments made must be applied first to accrued interest and second to the principal amount of the judgment. In following the legislative intent, an appendix is attached to this opinion setting out the payments made by appellees and the balance that will be owed as of October 23, 1993.

This court finds that $15,195.52 will be owed by appellees to the appellant as of October 23, 1993. The deposit of monies by appellees with the clerk's office did not stop the running of interest. That deposit was not made pursuant to any authority. In addition, appellant did not have the use or benefit of said money.

It is hereby ordered that the judgment of the trial court is affirmed and modified in accordance with this opinion.

*Judgment accordingly.*

COX, P.J., and O'NEILL, J., concur.

## APPENDIX

| | | 10% PER ANNUM INTEREST PAYMENT CHARGED | BALANCE OF INTEREST | BALANCE OF PRINCIPLE | TOTAL BALANCE OWED |
|---|---|---|---|---|---|
| 09/27/85 | date cause of action accrued and effective date interest began to be computed | | | 700,000.00 judgment | 700,000.00 |
| 09/27/86 | 1 year interest | 70,000.00 | 70,000.00 | 700,000.00 | 770,000.00 |
| 09/27/87 | 1 year interest | 70,000.00 | 140,000.00 | 700,000.00 | 840,000.00 |
| 12/07/87 | 71 days of interest at $191.78 per day | 13,616.44 | 153,616.44 | 700,000.00 | 853,616.44 |
| 12/07/87 | payment -$250,000.00 | | | 603,616.44 | 603,616.44 |
| 02/08/88 | 63 days of interest at $165.37 per day | 10,418.31 | 10,418.31 | 603,616.44 | 614,034.75 |
| 02/08/88 | payment -$450,000.00 | | | 164,034.75 | 164,034.75 |
| 03/08/88 | 29 days of interest at $44.82 per day | 1,299.78 | 1,299.78 | 164,034.75 | 165,334.53 |
| 03/08/88 | payment -$20,300.94 | | | 145,033.59 | 145,033.59 |
| 03/08/89 | 1 year interest | 14,503.36 | 14,503.36 | 145,033.59 | 159,536.95 |
| 03/08/90 | 1 year interest | 14,503.36 | 29,006.72 | 145,033.59 | 174,040.31 |
| 10/23/90 | 229 days interest at $39.74 per day | 9,100.46 | 38,107.18 | 145,033.59 | 183,140.77 |
| 10/23/90 | payment -$171,451.92 | | | 11,688.85 | 11,688.85 |
| 10/23/91 | 1 year interest | 1,168.89 | 1,168.89 | 11,688.85 | 12,857.74 |
| 10/23/92 | 1 year interest | 1,168.89 | 2,337.78 | 11,688.85 | 14,026.63 |
| 10/23/93 | 1 year interest | 1,168.89 | 3,506.67 | 11,688.85 | 15,195.52 |