SEAGRAVES, Appellee,

v.

SEAGRAVES, Appellant.

[Cite as *Seagraves v. Seagraves* (1997), 125 Ohio App.3d 98.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16405.

Decided Dec. 31, 1997.

---

*Mark E. Stone,* for appellee.

*Richard Hempfling,* for appellant.

*Per Curiam.*

Defendant-appellant, William K. Seagraves, appeals from an order of the Common Pleas Court of Montgomery County, Domestic Relations Division, awarding attorney fees in the amount of $11,699.98 to plaintiff-appellee, Nellie M. Seagraves. Mr. Seagraves contends that the trial court erred by making a

retroactive award of attorney fees, which he contends are not permitted under R.C. 3105.18(H).

We conclude that the trial court did err by granting a retroactive award of attorney fees and expenses to the extent that the award encompassed fees and costs incurred prior to the date the motion for fees was filed. Accordingly, the award of the trial court is reversed to the extent that the fees awarded were incurred prior to the date the motion for fees was filed.

I

As noted by the appellee, this case, which is making its fourth appearance before us, has a long and "tortured history." For a more detailed account of the facts preceding this appeal, we would refer the reader to our decisions, cited below, rendered in the prior appeals. For the purposes of this appeal, however, only a brief recitation of the facts and procedural history is necessary.

The parties were divorced in 1992. Mr. Seagraves appealed from the trial court's decree regarding division of marital property and spousal support. This court affirmed the judgment of the trial court. See *Seagraves v. Seagraves* (Nov. 20, 1992), Montgomery App. No. 13255, unreported, 1992 WL 337668.

Mr. Seagraves filed an action in bankruptcy in December 1992, but later dismissed that action. He then filed a motion to reduce or terminate spousal support in October 1993. The matter was referred to a referee (now magistrate) for hearing. The referee recommended that the motion to terminate spousal support be sustained. However, in January 1995, the trial court overruled the referee's recommendation. Mr. Seagraves appealed this decision.

In May 1994, Mr. Seagraves filed a motion to hold Ms. Seagraves in contempt for failure to deliver property to him. This was also referred to a referee, who recommended that the motion be sustained. Ms. Seagraves filed objections to the recommendation; however, the trial court overruled her objections. Ms. Seagraves appealed from that decision.

Both of these appeals were consolidated in this court. We issued an opinion affirming both decisions. See *Seagraves v. Seagraves* (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069, unreported, 1995 WL 559970.

While these appeals were pending, Mr. Seagraves filed a second motion to terminate spousal support, which was overruled by the referee. The referee's recommendation was adopted by the trial court. Again, Mr. Seagraves filed an appeal with this court. Again, we affirmed the trial court's decision. See *Seagraves v. Seagraves* (Apr. 19, 1996), Montgomery App. No. 15588, unreported, 1996 WL 185332. Mr. Seagraves attempted to appeal from our decision to the Ohio Supreme Court, but it denied his motion to certify, and awarded Ms.

Seagraves her attorney fees incurred by reason of the appeal, finding that the appeal was frivolous. See *Seagraves v. Seagraves* (1996), 77 Ohio St.3d 1423, 670 N.E.2d 1008.

In February 1996, during the pendency of the third appeal to this court, Ms. Seagraves filed a motion with the trial court seeking an award of attorney fees. The trial court entered a decision granting the motion and ordering Mr. Seagraves to pay seventy-five percent of Ms. Seagrave's attorney fees and legal expenses. The matter was referred to a magistrate for a hearing to assess the amount of attorney fees. After the hearing, the magistrate ordered Mr. Seagraves to pay Ms. Seagraves "the sum of $13,977.48 representing attorney fees and the sum of $1,622.49, representing the expenses of the within litigation." According to our review of the exhibit filed by Ms. Seagraves at the hearing, this sum represents fees incurred by Ms. Seagraves during the period from January 28, 1992 through April 30, 1996. Mr. Seagraves filed objections with the trial court. After review, the trial court found that the magistrates decision was correct, except that the magistrate failed to apply the seventy-five-percent limitation previously imposed by the trial court. Thus, the trial court ordered that Mr. Seagraves pay Ms. Seagraves the "sum of $10,483.11 representing 75% of the $13,977.48 in attorney fees expended, plus the sum of $1,216.87, representing 75% of the expenses of the within litigation." It is from this order that Mr. Seagraves has taken the present appeal.

## II

Mr. Seagraves's sole assignment of error is as follows:

"The trial court erred in making a retroactive award of attorney fees."

Mr. Seagraves contends that the trial court erred by awarding attorney fees to Ms. Seagraves because R.C. 3105.18(H) does not permit an award retroactive to the date of the motion for the award. Instead, he argues that R.C. 3105.18(H) contemplates only a prospective award of attorney fees. Conversely, Ms. Seagraves argues that "[a]n award of attorney fees is almost always contemplated to reimburse a party for excessive litigation, most of which has already occurred," and that any award must necessarily be of a retroactive nature.

R.C. 3105.18(H) reads as follows:

"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attor-

ney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney fees."

As Mr. Seagraves correctly asserts, we have previously stated that this "statute contemplates a prospective award." *Stewart v. Stewart* (Dec. 20, 1995), Greene App. No. 95–CA–44, unreported, 1995 WL 765961. Clearly, the language of the statute is prospective in nature in that it requires that the trial court determine that a party *will* be prevented from fully litigating her rights if an award of fees is not made.

Furthermore, while we agree with Ms. Seagraves that fee awards are necessarily retroactive in the sense that the determination of the amount of the award cannot ordinarily be undertaken until after the litigation has concluded, we cannot agree that an award can be made retroactively to the date of the motion for the award. Instead, we conclude that an award of fees pursuant to R.C. 3105.18(H) is retroactive only in the sense that a determination of the amount and reasonableness of the fees to be reimbursed must necessarily be made after those fees are actually incurred. However, the determination regarding amount and reasonableness can only be made *after* a motion for fees has been filed and the trial court has determined that an award is appropriate under the statute. We can find no authority for awarding fees that have been incurred prior to the filing of a motion for fees.

This conclusion is supported by our holding in *Yearwood v. Yearwood* (Nov. 17, 1995), Montgomery App. No. 15103, 1995 WL 680047, in which we held:

"[T]he plain language of the statute contemplates that a party seeking attorney's fees should make such a request at the earliest possible time. The trial court should then determine, in a timely manner, the appropriateness of awarding such fees, with determination of a reasonable amount reserved until the fees have actually been incurred. An early ruling by the trial court that an award of reasonable fees is appropriate in a particular case serves to encourage parties not to unnecessarily protract the litigation."

Our holding is based upon the premise that the party against whom relief, in this instance an award of fees, is sought is entitled to timely notice of the intent to seek such relief. Without notice, we conclude that it would be unfair to require a party to pay for fees which may, as is the case here, have been incurred by the other party over a period of years. However, once notice of the intent to seek attorney fees is given, the party against whom the motion is made acts at his own risk if he continues to engage in protracted litigation.

We note that our holding today does not imply that the trial court's finding that an award of fees was otherwise appropriate was erroneous. Nor

should it be construed as preventing Ms. Seagraves from seeking payment pursuant to R.C. 3105.18(H) of any fees incurred in the future as a result of continued litigation. Furthermore, this holding does not prevent her from seeking sanctions against Mr. Seagraves for any litigation that might be deemed by the trial court to be frivolous. A litigant is on notice, as a matter of law, that attorney fees may be awarded as a sanction for frivolous conduct in litigation. R.C. 2323.51.

### III

Mr. Seagraves's sole assignment of error having been sustained, the judgment of the trial court awarding attorney fees and expenses is reversed as to all fees and expenses that were incurred prior to the date the motion for fees was filed, and this matter is remanded for a determination of the amount of fees and expenses incurred after the motion was filed.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., FAIN and GRADY, JJ., concur.