JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, granting the parties a divorce, dividing their property and debts in accordance with a separation agreement, and ordering the defendant/former husband to pay child support in the amount of $200 per child per month for each of the parties' two children. The former husband appeals, assigning six claimed errors for our review:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS DIVISION OF PROPERTY.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MAKING AN AWARD OF ATTORNEY FEES PURSUANT TO OHIO REVISED CODE SECTION 3105.18(H).
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND APPELLEE IN CONTEMPT OF COURT FOR DENIAL OF VISITATION.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN INTERPOSING NUMEROUS QUESTIONS TO THE WITNESSES WHICH WERE NOT FAIR AND IMPARTIAL AND IN NUMEROUS EVIDENTIARY RULINGS.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ENFORCING A SEPARATION AGREEMENT WHICH WAS PATENTLY UNFAIR, WHICH APPELLANT ENTERED INTO WITHOUT COUNSEL, AND WHICH WAS NOT TIMELY PLEAD.
 VI. THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE NOT CONSISTENT WITH THE EVIDENCE AND THE LAW.
We find the trial court abused its discretion by ordering appellant to pay appellee's attorney fees and therefore reverse the court's judgment to the extent it awarded attorney fees. However, we find no other error or abuse of discretion here and affirm the court's judgment in all other respects.
 PROCEEDINGS BELOW
Plaintiff-appellee filed her complaint in this case on February 26, 1999, requesting a divorce, allocation of parental rights and responsibilities, child and spousal support, and restraining orders. On July 20, 2000, she further moved the court to enforce a separation agreement which the parties had executed on March 4, 1999. Trial was conducted over sixteen days in August and September 2000; the 2000 + page transcript is almost entirely comprised of the testimony of the parties themselves.
The court entered its judgment on September 20, 2000. The court found that shortly after the complaint was filed, the parties agreed to resolve all issues relating to their divorce and executed a separation agreement on March 4, 1999. The agreement required appellee to pay all marital debts and allowed her to retain the marital residence for herself and the parties' two minor children. She waived spousal support and, subject to further order of the court, child support. The court found that [t]he terms of the agreement clearly met the needs of the parties at that time and was fair[,] just and equitable; therefore, the court adopted the agreement, except for the provisions regarding child support and visitation.
The court found that a modification of child support was warranted by a change in circumstances since the time the agreement was signed. Specifically, the appellee lost favorable terms for the refinancing of the mortgage on the marital residence and was required to incur substantial litigation expenses and assume responsibility for medical coverage for the children,[1] all due to appellant's disavowal of the separation agreement. The court deviated from the child support guidelines,[2]
however, because the parties had agreed appellee would receive appellant's interest in the marital residence in order to provide the children with a stable living arrangement. The court found child support of $200 per month per child was in the best interest of the children.
Although the parties had waived spousal support, the court found this waiver was intended to relate to the traditional periodic support normally required by each individual to meet ongoing living expenses and was not designed to apply to unforseen (sic) one time litigation expenses such as the attorney fees in this case, which could not have been anticipated when the agreement was made. The court then found that, after considering the factors set fort[h] in O.R.C. 3105.18, appellant should be required to pay appellee's reasonable and necessary attorney fees of $25,000, against which the court offset an overpayment of temporary support, leaving a total amount due of $22,282.40. The court further required appellant to pay all charges and cash advances he incurred on the parties' marital credit cards after the date of the separation agreement.
 LAW AND ANALYSIS A. Division of Marital Property
In his first assignment of error, appellant contends that the trial court erred and abused its discretion in dividing the marital property. First, he claims the court should have made findings to support its determination that the property was equitably divided and should have specified the dates it used in determining the meaning of during the marriage. See R.C. 3105.171(G). He further claims the unequal division of property is inequitable. Cf. R.C. 3105.171(C). Appellant urges that the court only considered the fact that the parties had entered into a separation agreement and failed to consider the other factors listed in R.C. 3105.171(F) in making the division of property. Finally, appellant claims appellee disavowed and waived the agreement by failing to pay debts she had agreed to assume, failing to comply with agreed visitation, and pursuing child support and attorney fees.
The trial court has broad discretion in fashioning an equitable division of marital property. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. In reviewing the trial court's decision, we must consider whether the court abused its discretion, under the totality of the circumstances. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
The court here specifically found the parties had agreed upon a division of property. The court found the assets and liabilities that existed at the time of the agreement and found the division to which the parties agreed was fair, just and equitable. The court noted that the appellee retained the marital residence in order to provide a stable home for the children. These findings all relate to specific factors the court is required to consider in making a division of marital property under R.C. 3105.171(F). They are sufficient to support the court's determination that the division of property was equitable. They also negate appellant's contention that the court only considered the separation agreement in allocating marital property.
Appellant is correct that the trial court did not specify the dates it used to determine the meaning of during the marriage. R.C. 3105.171(G). These dates ordinarily set the parameters for ascertaining the marital property subject to division among the parties. See R.C. 3105.171(A)(2) and (3)(a). However, by accepting the parties' separation agreement, the court implicitly concluded that the marriage ended when the parties entered into that agreement. Appellant does not claim that a different date should have been used, nor does he claim any prejudice from the court's use of the date of the separation agreement as the end of the marriage. Therefore, we find no reversible error here.
Appellant argues that appellee waived the separation agreement by not complying with it. A failure to comply with a contract is a breach, not a waiver. Appellant's remedy for breach is to obtain court enforcement of the contract's terms, not to avoid them.
Appellant also argues appellee waived enforcement of the separation agreement by seeking remedies inconsistent with it. Again, appellant's remedy for such inconsistent claims is to demand enforcement of the contract's terms, not to avoid them. Furthermore, appellee's actions in this litigation were not inconsistent with the separation agreement.[3]
Therefore, we reject appellant's claim that appellee waived the agreement by seeking remedies inconsistent with it.
Accordingly, we find no merit in the first assignment of error.
 B. Attorney Fees
Appellant's second assignment of error claims the court erred and abused its discretion by awarding appellant attorney fees. The court has the power to award attorney fees to either party at any stage of the proceedings if it determines that the other party has the ability to pay the attorney's fees that the court awards. R.C. 3105.18(H). Appellant urges that the court here failed to decide that he had the ability to pay appellee attorney fees.
Although the trial court found that payment of the fees would economically cripple the minor children and the [appellee], it did not expressly determine that appellant was able to pay. The court's finding that appellant earned a salary of $32,760 plus a car allowance of $275-$325 per month did not support a determination that appellant was able to pay both his own attorney fees and appellee's, a total of nearly $50,000,[4] particularly when one takes into account the award of $400 per month in child support. Indeed, the court acknowledged as much when it said:
 Clearly the attorney fees in this case amount to an economic catastrophe for two individuals with limited assets and modest incomes. It is difficult to imagine how these individuals will meet these obligations and still maintain a modest lifestyle for themselves and their children.
For this reason, we find the trial court abused its discretion by awarding attorney fees against appellant.
Much of the language used by the court here indicates that the court may have intended to award attorney fees as a sanction for frivolous conduct.[5] See R.C. 2323.51. The award of fees for frivolous conduct is distinct from an award of fees under R.C. 3105.18. Seagraves v. Seagraves (1997), 125 Ohio App.3d 98, 103.
It does not appear that appellee moved for an award of attorney fees for frivolous conduct, nor did the court hold the hearing required by R.C. 2323.51(B)(2). Therefore, the award cannot be justified on this basis. Accordingly, we sustain appellant's second assignment of error and vacate the award of attorney fees to appellee.
The court below applied the amount that had been collected for spousal support pendente lite against the award of attorney fees. In light of our conclusion that the award of attorney fees was erroneous, we must remand to the trial court for a determination of the appropriate disposition of those funds.
 C. Visitation
Appellant urges that the trial court abused its discretion by failing to find appellee in contempt for denying him visitation. The trial court's final order here did not address appellant's motion to show cause for denial of visitation. Under this circumstance, we must presume the court denied the motion and consider whether this denial was an abuse of discretion. State, ex rel. Cassels v. Bd. Of Edn. (1994),69 Ohio St.3d 217, 223.
In pointing out evidence which might support a finding that appellee violated the visitation order, appellant does not demonstrate that the court abused its discretion. Abuse of discretion connotes more than an error of law; it implies an attitude which is unreasonable, arbitrary, or unconscionable. We find the court did not abuse its discretion by failing to find appellee in contempt in light of the court's conclusions that (1) both parties were responsible for the deterioration of the relationship between appellant and the children, which led to a virtual end of the visitation, and (2) the parties had agreed upon a new visitation arrangement through the Family Conciliation Department. Therefore, we overrule the third assigned error.
D. Court Interrogation of Witnesses at Trial
In his fourth assignment of error, appellant claims the court posed questions at trial in a manner which was not impartial and made improper evidentiary rulings. Appellant does not argue how any specific ruling was improper or prejudicial; however, he simply provides page citations for examples of questions by the court which he apparently finds objectionable and improper evidentiary rulings. The court will disregard this assignment of error because of appellant's failure to argue it. App.R. 12(A)(2).
Furthermore, error in the admission or exclusion of evidence is not reversible unless it has prejudiced the party claiming error. See Evid.R. 103(A); O'Brien v. Angley (1980), 63 Ohio St.2d 159, 164. Appellant makes no effort to demonstrate that he was prejudiced by the court rulings he claims to be erroneous. Furthermore, the case was tried to the court, not to a jury. Therefore, even if we assume that the court's questions were not impartial, appellant could not have been prejudiced by the manner in which the court questioned witnesses. For all of these reasons, we overrule the fourth assignment of error.
 E. Enforcement of Separation Agreement
Fifth, appellant claims the court erred and abused its discretion by adopting the separation agreement because the agreement was unfair in various respects and he did not have counsel when he signed it. The decision to enforce a separation agreement is a discretionary one and such decision will not be reversed on appeal absent an abuse of discretion. Schneider v. Schneider (1996), 110 Ohio App.3d 487, 491. The arguments appellant raises here were not raised in his brief in opposition to the motion to enforce the separation agreement; he has not pointed out where in the record he may have brought them to the trial court's attention, if he did. Accordingly, appellant has not demonstrated that the trial court abused its discretion when it found the agreement was fair, just and equitable and adopted it in part. Therefore, we overrule the fifth assignment of error.
 F. Findings and Conclusions
Finally, appellant argues that the court's findings of fact and conclusions of law were inconsistent with the evidence and law. The legal basis for this assignment of error is unclear. The fact that there might be evidence in the record to support a different conclusion than that reached by the trial court hardly demonstrates that the court's decision was incorrect.
We note that several of the findings challenged by appellant would not affect the outcome of the case. For example, the court's findings that (a) appellant's bout with cancer was not life-threatening, (b) appellant acknowledged his agreement with the terms of the settlement agreement in a telephone conversation with appellee's counsel before counsel prepared the written agreement, and (c) appellant had asked his daughter to prepare peanut butter and jelly sandwiches for a picnic because he claimed he did not have sufficient funds for the ingredients, even if wrong, could not be prejudicial.
As the factfinder in this matter, the trial court was the sole judge of the credibility of the witnesses. Appellant's arguments that there were reasons for the court to question appellee's credibility are therefore unavailing. The court's acceptance of appellee's testimony, and its rejection of appellant's, was not error or an abuse of discretion.
Therefore, we overrule the sixth assignment of error.
 CONCLUSION
For the foregoing reasons, we sustain appellant's second assignment of error and reverse the trial court's order to the extent it requires appellant to pay appellee's attorney fees. We find no other error and therefore affirm the remainder of the court's judgment.
This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and PATRICIA A. BLACKMON, J. CONCUR
[1] Although the separation agreement did not address the issue of health insurance for the children, defendant had included the children on his health insurance policy until some time during the pendency of this action.
[2] The guidelines would have required defendant to pay $286 per month per child.
[3] First, the agreement expressly stated that the waiver of child support was subject to further Order of Court. Therefore, it did not bar appellee's request for child support. Appellee requested spousal support pendente lite before the parties entered into the separation agreement. The spousal support award was later vacated based upon the waiver in the separation agreement, and amounts collected were applied to the judgment for attorney fees. Finally, appellee's demand for attorney fees concerned fees incurred after the separation agreement was signed, as a result of appellant's refusal to go forward with the agreement. This demand was not inconsistent with the agreement's waivers of spousal support and attorney fees.
[4] Appellant's own fees totaled $24,357; the court found appellee's reasonable attorney fees equaled $25,000.
[5] Among other things, the court stated:
 Having watched the progression of this matter the Court finds that a significant cause of this delay and expense can be blamed on the Defendant's inability to make a decision as to what relief he is requesting. * * * Also, throughout this trial the Defendant, with full knowledge of all financial matters, permitted extensive examination on such issues that changed nothing and provided no new information. Discovery was even taken to the point where Defendant's attorney requested production of their daughter's account which contained her first communion money. Finally, the Defendant adds to the costs and expense of this litigation by refusing to go forward with the agreement that he negotiated and entered into where no evidence was presented to support the contention that the agreement was not a valid and binding agreement.