OPINION.
{¶ 1} Defendant-appellant Daniel J. O'Brien appeals from the decree of divorce entered by the Greene County Court of Common Pleas, Domestic Relations Division. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Daniel[1] and plaintiff-appellee, Elizabeth A. O'Brien, were married in 1997. In 2001, Elizabeth filed a complaint for divorce. Following a hearing, the trial court entered a final divorce decree. On appeal, Daniel now argues that the trial court erred by (1) awarding attorney fees to Elizabeth; (2) awarding her a portion of the real marital property; (3) determining the value of his retirement account; (4) failing to hold a hearing on spousal-support modification; (5) apportioning the marital furniture; (6) requiring him to pay certain debts; and (7) failing to properly assess temporary spousal support. In a single cross-assignment of error, Elizabeth argues that the trial court abused its discretion in awarding Daniel an interest in his retirement account. For the following reasons, we overrule all the assignments of error.
 {¶ 3} Daniel argues in his first assignment of error that the trial court erred by awarding attorney fees to Elizabeth. Before a court may award attorney fees under R.C. 3105.18(H), the court must determine (1) that the party ordered to pay has the ability to pay, and (2) whether either party would be prevented from fully litigating his or her rights and adequately protecting his or her interests if attorney fees are not awarded.[2] In this case, the court found that Daniel had the ability to pay and that Elizabeth would have been prevented from protecting her rights and interests without the fee award. Because the findings are supported by the record, we find no abuse of discretion. We overrule Daniel's first assignment of error.
 {¶ 4} We address Daniel's second and fifth assignments of error together because both involve the division of marital property. R.C. 3105.171(C)(1) provides that marital property shall be divided equally unless an equal division would be inequitable. The factors that a trial court must consider are set forth in R.C. 3105.171(F). The domestic relations court has broad discretion in dividing marital property, and a reviewing court will not disturb its decision absent an abuse of discretion.[3] In this case, the court subtracted the amount of Daniel's down payment on the marital residence from the amount of equity in the home, and then it divided the number in half. The court also awarded each party the personal property in his or her possession and ordered that any remaining property would be divided equally. We see no abuse of discretion by the trial court. Therefore, we overrule Daniel's second and fifth assignments of error.
 {¶ 5} In his third assignment of error, Daniel argues that the court erred in determining the value of his retirement account, because the account value had diminished substantially between the date of separation and the trial date. But Daniel admitted during his testimony that he had withdrawn more than $21,000 from the account during the pendency of the divorce proceedings. Because the record supports the trial court's determination of value, we overrule Daniel's third assignment of error.
 {¶ 6} In his fourth assignment of error, Daniel argues that the court failed to hold a hearing in November 2001 on the issue of modification of temporary spousal support. In his seventh assignment of error, Daniel argues that the trial court erred in its assessment of temporary spousal support. The record shows that on November 8, 2001, Elizabeth filed a motion for contempt due to Daniel's failure to pay spousal support as ordered, and Daniel filed a motion to modify spousal support. On February 8, 2002, the parties signed an agreed judgment entry as to the amount of arrearage owed by Daniel for temporary spousal support and as to a schedule for paying temporary spousal support. Daniel cannot complain that he was not accorded a hearing where he and Elizabeth agreed to the support amount. Moreover, we find no abuse of discretion in the trial court's award, which was supported by the record and by Daniel's signature on the agreed entry. We overrule the fourth and seventh assignments of error.
 {¶ 7} In his sixth assignment of error, Daniel contends that the court erred by requiring him to pay certain debts. In order to equitably divide marital property, the court must consider all relevant factors, including the assets and liabilities of the parties.[4] In this case, the trial court ordered Elizabeth to pay a credit-card bill of $6,419.44, and it divided the remaining debts equally between the parties. Because we find no abuse of discretion by the trial court in its allocation of liabilities to the parties, we overrule Daniel's sixth assignment of error.
 {¶ 8} In her cross-assignment of error, Elizabeth argues that the court erred by awarding to Daniel the entire interest in his retirement account. The evidence in the record showed that the account was acquired by Daniel prior to the parties' marriage and that neither party had contributed to the fund during the marriage. Because the trial court's determination that the retirement account was Daniel's separate property was supported by competent, credible evidence,[5] we overrule Elizabeth's assignment of error.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
Winkler, P.J., Hildebrandt and Painter, JJ., of the First Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] We refer to the parties by their first names because they share the same last name.
[2] See Jackson v. Jackson, 2nd Dist. No. 2003CA36, 2003-Ohio-7095; Gill v. Gill (Oct. 10, 1997), 1st Dist. No. C-960610.
[3] See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401, 696 N.E.2d 575; Fricke v. Martin-Fricke (May 18, 2001), 2nd Dist. No. 00CA57.
[4] See R.C. 3105.171(C)(1) and (F)(2); Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434.
[5] See Hirt v. Hirt, 9th Dist. No. 03CA0110-M,2004-Ohio-4318, citing Barkley v. Barkley (1997),119 Ohio App.3d 155, 694 N.E.2d 989; see, also, Dunn v. Dunn, 1st Dist. Nos. C-010282 and C-010292, 2002-Ohio-6247.